IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **GRID INNOVATIONS, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **THE ELECTRICITY RELIABILITY COUNCIL OF TEXAS,** <br><br> Defendant. | Case No. 6:16-cv-1141 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GRID Innovations, LLC ("GRID") files this Complaint against the Electricity Reliability Council of Texas ("ERCOT" or "Defendant") for infringement of U.S. Patent Nos. 7,945,502 ("the '502 patent") and 9,256,905 ("the '905 patent").

## THE PARTIES

1. GRID is a Texas limited liability company having an address at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.

2. ERCOT is a non-profit corporation organized under the laws of the state of Texas, acting as the Independent Organization certified by the Public Utility Commission of Texas ("PUCT") for the ERCOT Region pursuant to the Public Utility Regulatory Act ("PURA") § 39.151.  ERCOT's address is 7620 Metro Center Drive, Austin, Travis County, Texas 78744.

## JURISDICTION AND VENUE

3. GRID brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; (B) is legally housed and/or incorporated in this judicial district; and (C) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,945,502)

6. GRID incorporates paragraph 1 through 5 herein by reference.

7. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

8. GRID is the owner of the '502 patent, entitled "Online Trading and Dynamic Routing of Electric Power Among Electric Service Providers," with all substantial rights to the '502 patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '502 patent is attached as Exhibit 1.

9. The '502 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**(Direct Infringement)**

10.     Defendant has, and continues to, directly infringe one or more claims of the '502 patent in this judicial district and elsewhere in the United States.

11.     In particular, Defendant has, and continues to, infringe at least claims 1-10, 12, 14-16, and 18-20 of the '502 patent by practicing, making, using, selling, and/or offering for sale methods and systems for dynamically trading and distributing electric power by practicing, making, using, selling, and/or offering for sale online market services and systems that result in the dynamic trade and distribution of electric power within the ERCOT region, including but not limited to ERCOT's day-ahead and real-time energy markets.

12.     Defendant is liable for these direct infringements pursuant to 35 U.S.C. § 271.

**(Indirect Infringement)**

13.     Based on the information presently available to GRID, absent discovery, and in the alternative to its direct infringement claims against Defendant, GRID contends that Defendant has and continues to indirectly infringe the '502 patent by inducing end users of ERCOT market services system to infringe at least claims 14-16 and 18-20 via their use of the ERCOT energy trading platform and/or systems.

14.     Defendant has been on notice of the '502 patent since at least service of the original complaint in this matter.

15.     Since Defendant was on notice of the '502 patent, Defendant knowingly induced infringement of the '502 patent, including at least claims 14-16 and 18-20 of the '502 patent, and possessed specific intent to encourage others' infringement.

16. Since Defendant was on notice of the '502 patent, Defendant knew or should have known that its actions alleged herein would induce actual infringement of the '502 patent, including at least claims 14-16 and 18-20 of the '502 patent.

18. Defendant instructs and encourage users to use the ERCOT market services in a manner that infringes the '502 patent by providing training manuals and other support. For example, Defendant's website states, "[t]raining is an integral component of the market services ERCOT provides to market participants and the general public. ERCOT offers instructor-led or web-based training on transmission system operations, wholesale market operations and retail market operations [...] Market participants are encouraged to contact the ERCOT training team at training@ercot.com or their Client Services Account Manager with suggestions as to how ERCOT may better meet their training needs." *See* http://www.ercot.com/services/training.

17. GRID has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to GRID in an amount that adequately compensates GRID for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 9,256,905)

18. GRID incorporates paragraph 1 through 17 herein by reference.

19. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

20. GRID is the owner of the '905 patent, entitled "Intelligent Routing of Electric Power," with all substantial rights to the '905 patent, including the exclusive right to enforce,

sue, and recover damages for past and future infringement. A copy of the '905 patent is attached as Exhibit 2.

21. The '905 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**(Direct Infringement)**

22. Defendant has, and continues to, directly infringe one or more claims of the '905 patent in this judicial district and elsewhere in the United States.

23. In particular, Defendant has, and continues to, infringe at least claims 1, 3, 4, 6-9, 11, 13-15, 18, 19, 28-30, 32, 33, and 36-38 of the '905 patent by practicing, making, using, selling, and/or offering for sale methods and systems for dynamically distributing electric power in an electric network having distribution networks by practicing, making, using, selling, and/or offering for sale online market services and systems that result in the dynamic trade and distribution of electric power within the ERCOT region, including but not limited to ERCOT's day-ahead and real-time energy markets.

24. Defendant is liable for these direct infringements pursuant to 35 U.S.C. § 271.

**(Indirect Infringement)**

25. Based on the information presently available to GRID, absent discovery, and in the alternative to its direct infringement claims against Defendant, GRID contends that Defendant has and continues to indirectly infringe the '905 patent by inducing end users of ERCOT market services system to infringe at least claims 28-30, 32, 33, and 36-38 via their use of the ERCOT energy trading platform and/or systems.

26. Defendant has been on notice of the '905 patent since at least service of the original complaint in this matter.

27. Since Defendant was on notice of the '905 patent, Defendant knowingly induced infringement of the '905 patent, including at least claims 28-30, 32, 33, and 36-38 of the '905 patent, and possessed specific intent to encourage others' infringement.

28. Since Defendant was on notice of the '905 patent, Defendant knew or should have known that its actions alleged herein would induce actual infringement of the '905 patent, including at least claims 28-30, 32, 33, and 36-38 of the '905 patent.

18. Defendant instructs and encourage users to use the ERCOT market services in a manner that infringes the '905 patent by providing training manuals and other support. For example, Defendant's website states, "[t]raining is an integral component of the market services ERCOT provides to market participants and the general public. ERCOT offers instructor-led or web-based training on transmission system operations, wholesale market operations and retail market operations [...] Market participants are encouraged to contact the ERCOT training team at training@ercot.com or their Client Services Account Manager with suggestions as to how ERCOT may better meet their training needs." *See* http://www.ercot.com/services/training.

29. GRID has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to GRID in an amount that adequately compensates GRID for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

GRID requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '502 and '905 patents have been infringed, either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: September 2, 2016            GRID INNOVATIONS, LLC

                                    By:   /s/ *Timothy E. Grochocinski*
                                          Timothy E. Grochocinski
                                          Illinois Bar No. 6295055
                                          Joseph P. Oldaker
                                          Illinois Bar No. 6295319
                                          NELSON BUMGARDNER, P.C.
                                          15020 S. Ravinia Ave., Suite 29
                                          Orland Park, Illinois 60462
                                          P. 708-675-1975
                                          tim@nelbum.com
                                          joseph@nelbum.com

                                          *COUNSEL FOR PLAINTIFF*
                                          *GRID INNOVATIONS, LLC*